**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERT M. FERNANDEZ, | No. 11-35557 |
| Plaintiff-Appellant, | D.C. No. 1:10-cv-03012 -CL |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Argued and Submitted July 9, 2012
Portland, Oregon

Before: B. FLETCHER and PREGERSON, Circuit Judges, and WALTER, District
Judge.[**]

Bert Fernandez ("Fernandez") filed suit against the United States Forest

Service ("USFS") under the Federal Tort Claims Act ("FTCA") for its alleged

failure to remove or cause a third party to remove a tree previously identified by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

the USFS as potentially dangerous. The tree in question, located in the Rogue River-Siskiyou National Forest along Oregon State Highway 62, fell onto the highway and came in contact with a truck driven by Fernandez, resulting in severe physical injuries. The district court dismissed the case holding that the discretionary function exception to the FTCA applied to preclude subject matter jurisdiction.

We review the district court's application of the discretionary function exception de novo. *Navarette v. United States*, 500 F.3d 914, 915 (9th Cir. 2007). The discretionary function exception preserves sovereign immunity under the FTCA for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The government bears the burden to demonstrate the applicability of the discretionary function exception. *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005).

A two-part test is used to evaluate whether the discretionary function exception applies. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988); *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008). First, the court must determine whether a federal statute, regulation, or policy mandated the

specific course of action taken, or whether the government actor maintained an element of judgment or choice in carrying out the challenged action. *Bailey v. United States*, 623 F.3d 855, 860 (9th Cir. 2010). If the government demonstrates that the challenged action did involve an element of judgment or choice, the second step is to determine "whether that judgment is of the kind the discretionary function exception is designed to shield, namely only governmental actions and decisions based on considerations of policy." *Id.* (quoting *Terbush*, 516 F.3d at 1129). If the challenged action satisfies both prongs the government is immune from suit and the federal courts will lack subject matter jurisdiction.

The government fails to satisfy both prongs of the two-part *Berkovitz* test in this case. As to the first prong, a Memorandum of Understanding between the USFS and the Oregon Department of Transportation requires employees of the USFS to identify whether a tree is healthy or an "imminent" or "potential" danger to USFS employees and the public, thus calling for some exercise of professional judgment. However, the act of identifying a tree as an imminent or potential danger triggers a mandatory provision, in a section entitled "Maintenance," that "the USFS will dispose of such jointly designated potential danger trees as promptly as possible." The language "will dispose" is unconditional and clearly mandatory. While the phrase "as promptly as possible" does not provide a specific

3

deadline to complete the removal of an identified tree, it must have some meaning or it would be rendered superfluous.

The government also fails to meet the second prong of the *Berkovitz* test because the removal of a previously identified dangerous tree is merely the implementation of a decision regarding routine maintenance and/or safety, which generally do not involve a policy weighing decision. *See Bolt v. United States*, 509 F.3d 1028, 1034 (9th Cir. 2007); *Whisnant*, 400 F.3d at 1181-82. The implementation of a safety measure is not shielded by the discretionary function exception unless the government must balance competing safety considerations, which would make that decision susceptible to policy analysis. *Bailey*, 623 F.3d at 862-63. The determination of which order to cut down previously identified dangerous trees is routine, requiring only technical or professional judgment about safety and not the balancing of competing safety interests.

The discretionary function exception does not apply to provide immunity under the FTCA given the facts of this case. Accordingly, the district court erred in dismissing this suit for lack of subject matter jurisdiction.

**REVERSED AND REMANDED**.